## STATE v. CLYDE LOUIS DOGGETT.

(Filed 16 June, 1966.)

**Escape § 1; Criminal Law § 133— Prior to 1965 amendment, it was mandatory that sentence for escape begin at expiration of sentence defendant was then serving.**

Under G.S. 148-45, prior to the 1965 amendment, it was mandatory that a sentence for escape commence upon the completion of any and all sentences under which defendant was confined at the time of the escape, and therefore when prayer for judgment is continued upon conviction of defendant for escape and defendant is later convicted of a third unrelated offense providing that sentence should begin upon completion of the sentence for the original offense, the later execution of the sentence for escape must also commence at the completion of the sentence for the first conviction, so that the sentence for escape and the sentence for the third offense must run concurrently, notwithstanding provision of the sentence for escape that it should commence at the expiration of the sentence for the third offense.

MOORE, J., not sitting.

ON *certiorari* to review order of *Mallard, J.,* entered January 27, 1966, in the Superior Court of WAKE County, denying the petition of Clyde Louis Doggett for a writ of *habeas corpus.*

The facts necessary to an understanding of the asserted grievance of petitioner (referred to hereafter as Doggett) are stated below.

In Case No. 35-127, at September 4, 1961, Term of Mecklenburg Superior Court, Doggett pleaded guilty of larceny (from the person) and was sentenced to a term of not less than twelve (12) nor more than twenty-four (24) months. He escaped on February 12, 1962, while serving said sentence, and was recaptured April 4, 1962. He completed service of said Mecklenburg County sentence on May 16, 1963.

In Case No. 7653, at April 17, 1962, Session of Wake Superior Court, Doggett was found guilty of said escape. Prayer for judgment was continued to the June 1962 Session and then was continued to the August 1962 Session.

In Case No. 1130, at May 1962 Session of Union Superior Court, Doggett pleaded guilty to (felonious) assault; and a sentence of not less than two (2) nor more than four (4) years was pronounced, this sentence to begin upon expiration of the sentence in the Mecklenburg larceny case. He completed service of said Union County sentence on July 23, 1965.

In Case No. 7653, at the August 1962 Session of Wake· Superior Court, and based on the verdict of guilty at April 1962 Session in said escape case, judgment imposing a sentence of eighteen (18)

months was pronounced with provision that this sentence was to commence upon expiration of the sentence in the Union County assault case. Since July 23, 1965, Doggett has been imprisoned under the purported authority of a commitment for the sentence of eighteen (18) months in the Wake County escape case.

In Case No. SC 1507, at August 6, 1963, Session of Northampton Superior Court, upon his plea of guilty of assault (with a deadly weapon), a judgment imposing a sentence of two (2) years was pronounced with provision that this sentence was to begin upon expiration of the sentence in the Wake County escape case.

In this Court, at Fall Term 1964, in our Case No. 442, Doggett applied for *certiorari* to review the sentence in the Wake County escape case, alleging that, under G.S. 148-45, the sentence for escape began at the termination of the sentence he was serving at the time of said escape, namely, the sentence in the Mecklenburg County larceny case. In denying Doggett's said petition, the order of this Court stated: "Petitioner, upon completion of his Union County sentence, may apply to the Superior Court of Wake County for a writ of *habeas corpus.*"

In January 1966, Doggett applied to Judge Mallard for a writ of *habeas corpus.* His petition was denied by Judge Mallard's order of January 27, 1966. On April 22, 1966, Doggett filed in this Court a petition for *certiorari* to review Judge Mallard's said order.

*Attorney General Bruton and Staff Attorney White for the State.*
*Clyde Louis Doggett, pro se.*

PER CURIAM. Doggett's handwritten petition does not allege facts sufficient to show he is now unlawfully imprisoned. Hence, we find no error in Judge Mallard's order. However, based on facts disclosed by our records in connection with his 1964 petition for *certiorari* and by the Attorney General's answer to his present petition for *certiorari,* Doggett, in our opinion, is entitled to relief to the extent set forth below.

In 1962 G.S. 148-45, the statute providing punishments for escapes, contained the following provision: "Any term of imprisonment imposed hereunder shall commence *at the termination* of any and all sentences to be served in the State prison system under which the prisoner is held at the time an offense defined by this statute is committed by such prisoner." (Our italics.)

This Court is of the opinion that, under the mandate of the quoted statutory provision, the sentence imposed in the Wake County escape case began *at the termination* (completion) of the sentence

in the Mecklenburg County larceny case. This being true, the sentences in the Union County assault case and the Wake County escape case ran concurrently.

Doggett completed service of his sentence in the Mecklenburg County larceny case on May 16, 1963. The sentence of 18 months in the Wake County escape case was imposed by judgment pronounced at August 1962 Term. The full period of 18 months from May 16, 1963, without any allowance of credit for good behavior, expired November 16, 1964. Thus, Doggett completed service of his sentence in the Wake County escape case on or before November 16, 1964.

The judgment in the Northampton County assault case provided expressly that the 2-year sentence imposed thereby was to begin upon expiration of the Wake County escape sentence. After completion of service of his sentence in the Wake County escape case, Doggett has been lawfully imprisoned under commitment issued pursuant to said judgment in the Northampton County assault case. Thus, Doggett has already served the major portion of his sentence in the Northampton County assault case. The exact date of release from further service of said sentence in the Northampton County assault case depends upon the credits for good behavior, if any, earned by Doggett while serving the Wake County escape sentence and while serving the Northampton County assault sentence.

For the reasons stated, Doggett is not lawfully imprisoned under commitment issued pursuant to judgment in the Wake County escape case. However, he is lawfully imprisoned under commitment issued pursuant to judgment in the Northampton County assault case. The North Carolina Prison Department, in conformity with this opinion, will determine the date on which the sentence Doggett is now serving, to wit, the sentence in the Northampton County assault case, will terminate.

This disposition, very favorable to Doggett, results from the quoted mandatory provision of G.S. 148-45 prior to the 1965 amendment thereof. By virtue of the 1965 amendment (Session Laws of 1965, Chapter 283), G.S. 148-45 now provides: *"Unless otherwise specifically ordered* by the presiding judge, any term of imprisonment imposed hereunder shall commence at the termination of any and all sentences to be served in the State prison system under which the prisoner is held at the time an offense defined by this section is committed by such prisoner." (Our italics.)

The Clerk will forward a certified copy of this opinion to each of the following: (1) The Clerk of the Superior Court of Wake

County; (2) the North Carolina Prison Department; (3) the Clerk of the Superior Court of Northampton County; and (4) Doggett.

Petition allowed and relief granted to the extent set forth in the opinion.

MOORE, J., not sitting.